```
┌─────────────────────────────┐
│      FILED VIA MAIL         │
│                             │
│      JUL 2 1 2005           │
│                             │
│  CLERK U.S. BANKRUPTCY      │
│      ORLANDO, FL            │
└─────────────────────────────┘
```

### IN THE UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE:

**LARRY SCOTT DEMERAU and**      **Case No.: 6:05-bk-04057**
**JULIA EMILY DEMERAU**            **Chapter 7**
**Debtors**

**WILLIAM McCORD**                 **PLAINTIFF**

**VS.**            **ADV. NO:** _____

**LARRY SCOTT DEMERAU and**
**JULIA EMILY DEMERAU**            **DEFENDANTS**

## COMPLAINT OBJECTING TO THE
## DISCARGEABILITY OF A DEBT

COMES NOW PLAINTIFF WILLIAM McCORD ("Creditor"), in person and Pro Se, and for his Complaint Objecting to the Dischargeability of a Debt and pursuant to *Bankruptcy Rule 7001*, states and alleges the following:

1.     That the Debtors have filed for an Order of Relief under Chapter 7 of Title 11 and said case is currently pending before this Court.

2.     That this Court has jurisdiction over this matter pursuant to *28 U.S.C. Section 1334, 28 U.S.C. Section 157 and 11 U.S.C. Section 523(a)(2)(A) and Section 523(a)(2)(C)*. This is an action arising in or related to the bankruptcy case. This is a core proceeding.

3.     In approximately 1999 the Debtors, Larry Scott Demerau and Julia Emily Demerau, as principals of Lahaina Acquisitions, Inc., acquired a mortgage company in which the

COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF A DEBT
(WILLIAM McCORD VS. LARRY SCOTT DEMERAU AND JULIA EMILY DEMERAU)
PAGE 2

Plaintiff herein was the principal shareholder by exchange of the assets of the selling company with cash and stock in Lahaina Acquisitions, Inc.

4.    At the time of the transaction Larry Scott Demerau and Julia Emily Demerau, individually and as principals of Lahaina Acquisitions, Inc., were aware of claims, including fraud claims, being made against them individually and against the company by a former owner of Lahaina Acquisitions, Inc., Rick Smith.   The Debtors, Larry Scott Demerau and Julia Emily Demerau, falsified statements filed with appropriate regulatory agencies regarding operation of a publicly traded company to disguise its true financial condition and the claims of, among others, the former owner Rick Smith.

5.    In the fall of 2000, approximately one year from the year of acquisitions of Plaintiff's company, Larry Scott Demerau disclosed the existence of the claim, suit and action by Rick Smith which was going to destroy the viability of Lahaina Acquisitions, Inc. and specifically represented that the Company to maintain any viability was obligated to settle the claims of the former owner Rick Smith for the approximate principal sum of One Million Dollars ($1,000,000.00) and solicited Plaintiff for such sum of money.

6.    To prevent the necessity of public disclosure the Debtors, Larry Scott Demerau and Julia Emily Demerau, solicited Plaintiff using false pretenses, false representations and conduct constituting actual fraud to funnel the necessary One Million Dollars through a company in exchange for promissory note and pledge of Lahaina Acquisitions, Inc. stock and an individual guaranty of Debtor, Julia Emily Demerau.

7.    On or about December 18, 2000, WMD Investments, LLC, as "Borrower", and Julia Demerau, as "Guarantor", for valuable consideration, made, executed and delivered a Loan

COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF A DEBT
(WILLIAM McCORD VS. LARRY SCOTT DEMERAU AND JULIA EMILY DEMERAU)
PAGE 2

Agreement to Plaintiff in the principal sum of One Million Dollars ($1,000,000.00), due and payable according to the terms specified therein. A copy of the Loan Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

8.    Contemporaneously with the execution of the aforesaid Loan Agreement and in order to secure repayment of the same, WMD Investments, LLC, as "Obligor" and Julia Demerau, as "Personal Guarantor," executed and delivered to Plaintiff its Promissory Note in the principal sum of One Million Dollars ($1,000,000.00). A copy of the Promissory Note is attached hereto as Exhibit "B" and incorporated herein by reference.

9.    Contemporaneously with the execution of the Promissory Note and Loan Agreement and in order to secure repayment of the same, Julia Demerau, as "Pledgor," executed and delivered to Plaintiff her Stock Pledge Agreement pledging all of her right, title and interest in and to 2,000,000 shares of issued and outstanding capital stock in Lahaina Acquisitions, Inc. A copy of the Stock Pledge Agreement is attached hereto as Exhibit "C" and incorporated herein by reference.

10.    Upon funding of the loan, none of the money was utilized for its intended purposes and in fact was utilized to acquire personal assets and payoff unrelated personal obligations. Upon information and belief, certain of the assets may be held, as is true with other potential assets of the Debtors, by the parents of the Debtor Larry Scott Demerau.

11.    That as of December 30, 2002, there is a balance due and owing Plaintiff under the Loan Documents the principal amount of $351,736.45, plus accrued interest in the amount of $1,281.67, and with interest accruing thereafter at the rate of 9.5% per annum. That this indebtedness is presumed to be nondischargeable pursuant to *11 U.S.C. Section 523(a)(2)(C).*

COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF A DEBT
(WILLIAM McCORD VS. LARRY SCOTT DEMERAU AND JULIA EMILY DEMERAU)
PAGE 2

12.    That Defendants made these representations with the intention and purpose of deceiving the Plaintiff.

13.    That Plaintiff justifiably relied on Defendants' representations and that Plaintiff suffered a loss as a proximate result of these representations.

14.    That Defendants made said Loan Documents referenced above under false pretenses, false representation or actual fraud, and for that reason the indebtedness to Plaintiff is non-dischargeable in bankruptcy pursuant to *11 U.S.C. Section 523(a)(2)(A) and Section 523(a)(2)(C)*.

15.    Plaintiff, William McCord, is entitled to judgment against Defendants Larry Scott Demerau and Julia Emily Demerau, jointly and severally, in the principal amount of $353,018.12 plus accrued interest in the amount of $1,281.67 through December 30, 2002, with interest accruing thereafter at the rate of 9.5% per annum.

WHEREFORE, Plaintiff respectfully prays an Order of this Court declaring the debt owed to Plaintiff to be non-dischargeable pursuant to *11 U.S.C. Section 523(a)(2)(A) and Section 523(a)(2)(C)*; and for this Court to enter a judgment in favor of Plaintiff and against Defendants, jointly and severally, for $353,018.12, plus interest at the contract rate per annum from and after December 30, 2002, plus costs herein expended including reasonable attorneys' fees determined

COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF A DEBT
(WILLIAM McCORD VS. LARRY SCOTT DEMERAU AND JULIA EMILY DEMERAU)
PAGE 2

by this Court, and for such other relief as this Court may deem just and proper under the

circumstances.

Respectfully submitted,

CREDITOR / PLAINTIFF

William McCord
161 Spurwink Lane
Hot Springs, Arkansas 71913
Telephone:  (501) 844-5000