## LOAN AGREEMENT

This Loan Agreement ("Agreement") is executed and entered into this 18th day of December, 2000, by and among William McCord ("Lender"), WMD Investments, LLC, a Georgia limited liability company ("Borrower"), and Julie Demerau ("Guarantor").

### Statement of Background

Lender has agreed to make a loan to Borrower in the amount of One Million Dollars ($1,000,000) (the "Loan"). Lender has agreed to make the Loan only if (i) Guarantor agrees to guarantee Borrower's obligations under the Note by signing the Note as Guarantor, (ii) Guarantor agrees to pledge to Lender as collateral for performance of the guarantee certain shares of stock in Lahaina Acquisitions, Inc. ("Lahaina"), owned by Guarantor, and (iii) the proceeds of the Loan are used as provided in this Agreement. Guarantor has determined that the transactions contemplated by this Agreement are in Guarantor's best interests because the proceeds of the Loan will be used to purchase shares of stock in Lahaina, thereby positively affecting the value of the shares of stock in Lahaina currently owned by Guarantor.

### Statement of Agreement

1.   **Loan.** Lender shall make the Loan the Borrower. Borrower's obligation to repay the Loan, and terms of repayment, will be represented by and set forth in a promissory note substantially similar in content to the form attached to this Agreement as <u>Exhibit A</u> (the "Note").

2.   **Guarantee.** Guarantor shall guarantee Borrower's obligations under the Note by signing the Note as Guarantor. Guarantor shall pledge to Lender as collateral for performance of the guarantee certain shares of stock in Lahaina Acquisitions, Inc. ("Lahaina"), owned by Guarantor. The pledge, and the terms of the pledge, will be represented by and set forth in a Stock Pledge Agreement substantially similar in content to the form attached to this Agreement as <u>Exhibit B</u>.

3.   **Use of Proceeds.** Borrower shall use the entire proceeds of the Loan to purchase shares of stock in Lahaina (the "Lahaina Stock"). Borrower shall hold the Lahaina Stock for resale to third parties pursuant to Rule 144 of the Act or other exemptions from registration provided in opinion of counsel satisfactory to the the Company that such sales do not constitute an underwriting or distribution. Until payment in full of the Note, any and all proceeds resulting from the sale by Borrower of any Lahaina Stock will be immediately paid to Lender as payment on the Note.

4.   **Assignment; Binding Effect.** This Agreement and the rights hereunder are not assignable. This Agreement will inure to the benefit of and be binding upon the heirs, personal representatives and successors of the parties hereto.

5.   **Governing Law.** This Agreement and all rights and obligations of the parties will be construed and interpreted under and pursuant to the internal laws, and not the law of conflicts, of the State of Georgia.

04-77254.01

EXHIBIT A

6. **Survival of Representations and Warranties.** The representations and warranties of the Company, PLI and the Holders contained in this Agreement will survive the Closing and extend one (1) year from the Closing Date.

7. **Headings.** The headings contained in this Agreement are inserted for convenience only and will not be considered in interpreting or construing any of the provisions contained in this Agreement.

8. **Fees and Expenses.** Each party will bear its own costs and expenses (including investment advisory and legal fees and expenses) incurred in connection with this Agreement and the transactions contemplated by this Agreement.

9. **Arbitration.** Any controversy or claim arising out of or relating to the interpretation, enforcement or breach of this Agreement or the relationship between the parties will be submitted to binding arbitration in Dallas, Texas, in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). In any arbitration proceeding, it is the intention of the parties that arbitration be the exclusive mechanism for resolving disputes between them and that any decision rendered by the arbitrators will be final. Any award rendered by the arbitrators may be entered in any court of competent jurisdiction. This paragraph will be specifically enforceable under the Federal Arbitration Act. To the extent so determined by the arbitrator, the prevailing party will be entitled to recover from the losing party, in addition to any other relief, reasonable expenses, attorney fees and costs actually incurred.

10. **Entire Agreement.** This Agreement (including the exhibits and schedules hereto) constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements and understandings between the parties with respect to such subject matter.

11. **Waiver and Amendment.** Any provisions of this Agreement may be waived in writing at any time prior to Closing by the Holders or by the Company on behalf of itself and PLI, and any of the provisions of this Agreement may be amended at any time prior to Closing by written agreement of the Holders and the Company on behalf of itself and PLI; provided, however, no waiver or amendment by the Company on behalf of PLI will materially decrease the rights or materially increase the obligations of PLI without its consent.

12. **Counterparts; Facsimile Signatures.** This Agreement may be executed in any number of counterparts, each of which when executed, will be deemed to be an original and all of which together will be deemed to be one and the same instrument binding upon all of the parties notwithstanding the fact that all parties are not signatories to the original or the same counterpart. For purposes of this Agreement, facsimile signatures will be deemed originals, and the parties agree to exchange original signatures as promptly as possible.

13. **Notices.** All notices, requests, consents, demands and other communications under this Agreement must be in writing and will be deemed to have

04-77254.01

been duly given when delivered personally, when sent by confirmed cable, telecopy, telegram or telex, when sent by overnight courier service or when mailed by certified or registered mail, return receipt requested, with postage prepaid to the parties at the following addresses (or at any other address for a party which the party specifies by like notice):

    (a)    if to the Lender, to:

United Capital Mortgage Corporation
14001 East Iliff Avenue, Suite 701
Denver, CO 80014
Attention:      William McCord
Telephone:    (303) 696-1700
Facsimile:     (303) 696-8289

with a copy to:

Horne, Hollingsworth & Parker, PA
Suite 501
401 West Capitol
Post Office Box 3363
Little Rock, AR 72203
Attention:      Garland W. Binns, Jr.
Telephone:    (501) 376-4731
Facsimile:     (501) 372-7142

    (b)    if to the Borrower or Guarantor, to:

WMD Investments, LLC
Suite 220
5895 Windward Parkway Drive
Alpharetta, GA 30005
Attention:      Betty Sullivan
Telephone:    (770) 754-6140
Facsimile:     (678) 942-3031

with a copy to:

Kutak Rock LLP
Suite 2100
225 Peachtree Street, NE
Atlanta, GA 30303-1731
Attention:      Robert E. Altenbach, Esq.
Telephone:    (404) 222-4600
Facsimile:     (404) 222-4654

04-77254.01

14. **Third-party Beneficiaries and Acts of Agent.** This Agreement is for the sole benefit of the parties to this Agreement, and nothing by this Agreement expressed or implied will give or be construed to give to any person or entity, other than the parties to this Agreement, any legal or equitable rights under this Agreement.

15. **Severability.** If any provision of this Agreement or the application of any provision to any person or circumstance is held invalid, illegal or unenforceable in any respect by a court of competent jurisdiction, the invalidity, illegality or unenforceability will not affect any other provision of this Agreement and the remaining provisions will be construed to give effect, as nearly as possible, to the original intent of the parties.

16. **Construction.** The parties have participated jointly in the negotiation and drafting of this Agreement. If an ambiguity or question of intent or interpretation arises, this Agreement will be construed as if drafted jointly by the parties and no presumption or burden of proof will arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Agreement. Any reference to any federal, state, local or foreign statute or law will be deemed also to refer to all rules and regulations promulgated thereunder, unless the context requires otherwise. As used in this Agreement "including" means including, without limitation.

[Remainder of page intentionally left blank]

LENDER:

_____
William McCord

BORROWER:

WMD INVESTMENTS, LLC

By: _____
Name: Judy Demerau
Title: Authorized representative

GUARANTOR:

_____
Julia Demerau

04-77254.01