EXECUTION COPY

## PROMISSORY NOTE

$1,000,000                                                                    Atlanta, Georgia
                                                                              December 18, 2000

      **FOR VALUE RECEIVED**, the undersigned **WMD INVESTMENTS, LLC**, a Georgia limited liability company (the "Obligor"), hereby promises to pay to the order of the William McCord his registered assigns (collectively, the "Holder"), the principal sum of One Million Dollars ($1,000,000), together with interest thereon at the rate and on the dates provided below from the date of this Promissory Note (the "Note") until maturity.

      The above-stated principal will bear interest at the rate of nine and one-half percent (9.5%) per annum (or, if less, the maximum rate permitted by law) from and after the date of this Note until full payment of the principal and all accrued interest. Interest on the principal sum will be calculated at the rate set forth above on the basis of a 365-day year and the actual number of days elapsed.

      The principal amount outstanding under this Note, together with accrued interest on the unpaid principal amount, will be due and payable in full on the 18th day of December, 2001 (the "Maturity Date"). The Obligor may prepay this Note at any time, in whole or in part, without premium.

      This Note is being executed pursuant to a Loan Agreement between Obligor and Holder dated as of the date hereof (the "Loan Agreement") and is secured by (i) a Stock Pledge Agreement, dated as of the date hereof, by and between Julie Demerau and Holder (the "Pledge Agreement"), and (ii) any other security agreement, pledge, assignment, stock power, mortgage, deed of trust, security deed and/or other instrument covering personal or real property which secures an obligation so defined as to include this Note. Any and all capitalized terms set forth in this Note and not otherwise defined in this Note shall have the meanings ascribed to such terms in the Purchase Agreement or the Pledge Agreement.

      An "Event of Default" shall be deemed to have occurred under this Note if (a) any amount of principal or interest due and payable under this Note is not paid in full within ten (10) days after its due date, (b) Obligor defaults pursuant to the terms of the Loan Agreement or Pledge Agreement, or (c) Obligor makes an assignment for the benefit of creditors, or files a voluntary petition in bankruptcy, receivership or insolvency, or files an answer in any involuntary proceedings of that nature admitting the material allegations of the petition, or if a proceeding or bankruptcy, receivership or insolvency, is instituted against Obligor and is not dismissed within sixty (60) days, or if a trustee or receiver is appointed for Obligor is not dismissed or discharged within sixty (60) days. Upon any Event of Default, all sums advanced hereunder, together with all unpaid interest accrued thereon, shall, at the option of Holder, without further notice, become due and payable and may be collected immediately, regardless of the stipulated Maturity Date.

04-77253.01


EXHIBIT
B

Upon any Event of Default, in addition to interest as provided above, Obligor agrees to pay a late charge equal to two percent (2%) of the amount of the payment which is late.

The provisions of this Note are binding on the successors and assigns of the Obligor and shall inure to the benefit of the Holder's successors and assigns.

Obligor hereby (a) waives grace, presentment and demand for payment, protest and notice of protest, and non-payment, all other notice, including notice of intent to accelerate the Maturity Date and notice of acceleration of the Maturity Date, filing of suit and diligence in collecting this Promissory Note, (b) agrees that Holder shall not be required first to institute suit or exhaust its remedies against Obligor under this Promissory Note and (c) consents to any extension or postponement of time of payment of this Promissory Note and in any other indulgence with respect hereto without notice from Holder.

Any and all other notices, elections, demands, requests and responses thereto permitted or required to be given under this Note shall be in writing, signed by or on behalf of the party giving the same, and shall be deemed properly given and effective upon being (a) personally delivered, (b) deposited with an overnight courier service in time for and specifying overnight delivery or (c) deposited in the United States mail, postage prepaid, certified with return receipt requested. All such notices shall be deemed delivered on the date of delivery if sent by personal delivery, the next business day if sent by overnight courier service and five (5) days after being deposited in the United States Mail if sent by registered or certified mail.

It is the intention of Obligor and Holder to comply with any applicable usury laws. In furtherance of this intention of Holder and Obligor, all agreements between Obligor and Holder are hereby expressly limited so that in no contingency or event whatsoever shall the amount paid or agreed to be paid to Holder for the use, forbearance or detention of money under this Promissory Note exceed the maximum rate permissible under applicable law. If, from any circumstance whatsoever, fulfillment of any provision hereof shall be prohibited by law, the obligation to be fulfilled shall be reduced to the maximum not so prohibited, and if from any circumstances Holder should ever receive as interest an amount which would exceed the highest lawful rate, such amount as would be excessive interest shall, at Holder's option, shall be applied to the reduction of the principal of the Promissory Note and not to the payment of interest, or shall be refunded to Obligor. This provision shall control every other provision of all agreements between Obligor and Holder.

Time is of the essence of this Promissory Note. If any payment under this Promissory Note is collected by law or through an attorney, Obligor shall further pay to Holder, in addition to all other amounts payable hereunder, reasonable attorneys' fees, not to exceed ten percent (10%) of the amount of principal and interest owing hereunder, plus court costs.

Any payment received by Holder hereunder may, at Holder's option, be applied first to interest or to reduce the principal balance. A waiver or release with reference to one event shall not be construed as continuing, as a bar to, or as a waiver or release of any subsequent right, remedy or recourse to any subsequent event. No failure or delay on the part of Holder in exercising any right, power or remedy granted hereunder shall operate as waiver thereof; nor

shall any single or partial exercise of any such right, power or remedy preclude any other or further exercise thereof or the exercise of any other right, power or remedy hereunder. Obligor hereby consents to all renewals and extensions of time at or after the maturity hereof and hereby waives diligence, presentment, protest, demand and notice of every kind and, to the full extent permitted by law, the right to plead any statute of limitations as a defense and hereby agrees that no failure on the part of Holder to exercise any power, right and privilege hereunder, or to insist upon prompt compliance with the terms hereof, shall constitute a waiver thereof. This Note may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought. As used herein, the terms, "Obligor" and "Holder" shall be deemed to include their respective successors, legal representatives and assigns, whether by voluntary action of the parties or by operation of law.

**MAKER:**

WMD INVESTMENTS, LLC:

By _Judy Demerau_ (signature)
Name _Judy Demerau_
Title _authorized representative_

**GUARANTOR:**

JULIA DEMERAU

By _(signature)_
Name _Julia Demerau_
Title _Individually_

04-77253.01                              3