# STOCK PLEDGE AGREEMENT

THIS STOCK PLEDGE AGREEMENT (the "Agreement"), entered into as of this 18th day of December, 2000, by and between Julie Demerau, a resident of the State of Georgia (the "Pledgor"), and William McCord, a resident of the State of Arkansas ("Pledgee"),

## WITNESSETH

WHEREAS, the Pledgee has extended a credit facility to WMD Investments, LLC, a Georgia limited liability company ("Borrower") in the principal amount of $1,000,000 (the "Loan"), pursuant to the terms and conditions of a certain Loan Agreement dated December 18, 2000, as amended from time to time (the "Loan Agreement"), which Loan is evidenced by the Borrower's promissory note in favor of the Pledgee (the "Note"); and

WHEREAS, to secure the payment and performance of all obligations of the Borrower under the Note, the Pledgor wishes to pledge to the Pledgee all of her right, title and interest in and to 2,000,000 shares of the issued and outstanding capital stock in Lahaina Acquisitions, Inc. represented by Certificate No. 589-2 for 1,400,000 shares and Certificate No. 607-2 for 600,000 shares (the "Stock");

NOW, THEREFORE, the parties hereto agree that all capitalized terms used herein shall have the meanings ascribed to them in the Loan Agreement to the extent not otherwise defined or limited herein, and further agree as follows:

1. **Warranty.** Pledgor hereby represents and warrants to the Pledgee that except for the security interest created hereby, the Pledgor owns the Stock free and clear of all liens, charges and encumbrances, that the Stock is duly issued, fully paid and nonassessable, and that Pledgor has the unencumbered right to pledge its Stock.

2. **Security Interest.** Pledgor hereby unconditionally grants and assigns to the Pledgee, her heirs and assigns, a continuing security interest in and security title to the Stock. The Pledgor has delivered to and deposited with the Pledgee herewith all of her right, title and interest in and to the Stock, together with certificates representing the Stock and stock powers endorsed in blank by Pledgor, as security for (i) all obligations of the Borrower to the Pledgee hereunder; and (ii) payment and performance of all obligations of Borrower to the Pledgee under the Loan Agreement, Note, or any other Loan Document, or any extension, renewal, amendment or modification of any of the foregoing, however created, acquired, arising or evidenced, whether direct or indirect, absolute or contingent, now or hereafter existing, or due or to become due. Beneficial ownership of the Stock, including, without limitation, all voting, consensual and dividend rights, shall remain in the Pledgor until the occurrence of a default under the terms hereof (as defined in Section 4, below) and until the Pledgee shall notify Pledgor of the Pledgee's exercise of voting rights to the Stock pursuant to Section 9 of this Agreement.

04-78028.01



EXHIBIT C

3. **Additional Shares.** In the event that, during the term of this Agreement:

(a) any stock dividend, stock split, reclassification, readjustment or other change is declared or made in the capital structure of Lahaina Acquisitions, Inc., all new, substituted and additional shares, or other securities, issued by reason of any such change and received by Pledgor or to which Pledgor shall be entitled shall be immediately delivered to the Pledgee, together with stock powers endorsed in blank by Pledgor, and shall thereupon constitute Stock to be held by the Pledgee under the terms of this Agreement; and

(b) subscriptions, warrants or any other rights or options shall be issued in connection with the Stock, all new stock or other securities acquired through such subscriptions, warrants, rights or options by Pledgor shall be immediately delivered to the Pledgee and shall thereupon constitute Stock to be held by the Pledgee under the terms of this Agreement.

4. **Default.** In the event of a demand for payment by the Pledgee under the terms of the Note, an Event of Default under the terms of the Loan Agreement, or a Default under the terms of this Agreement (any of such occurrences being hereinafter referred to as a "Default"), the Pledgee may sell or otherwise dispose of the Stock at a public or private sale or make other commercially reasonable disposition of the Stock or any portion thereof after ten (10) days' notice to Borrower and the Pledgee may purchase the Stock or any portion thereof at any public sale. The proceeds of the public or private sale or other disposition shall be applied (i) to the costs incurred in connection with the sale, expressly including, without limitation, any costs under Section 7(a) hereof; (ii) to any unpaid interest which may have accrued on any obligations secured hereby; (iii) to any unpaid principal; and (iv) to damages incurred by the Pledgee or any of them by reason of any breach secured against hereby, in such order as the Pledgee may determine, and any remaining proceeds shall be paid over to the Pledgor or others as by law provided. In the event the proceeds of the sale or other disposition of the Stock are insufficient to pay such expenses, interest, principal, obligations and damages, the Pledgor shall have no further liability to the Pledgee for any such deficiency.

5. **Additional Rights of Secured Parties.** In addition to their rights and privileges under this Agreement, the Pledgee shall have all the rights, powers and privileges of secured parties under the Uniform Commercial Code.

6. **Return of Stock to Pledgor.** Upon payment in full of all principal and interest on the Note and full performance by the Pledgor of all covenants, undertakings and obligations under the Loan Agreement and the other Loan Documents, the Pledgee shall return to the Borrower all of the then remaining Stock and all rights received by the Pledgee as agent for the Borrower as a result of its possessory interest in the Stock.

(a) **Disposition of Stock by Agent.** The Stock is not registered under the various Federal or State Securities Acts and disposition thereof after default may be restricted to one or more private (instead of public) sales in view of the lack of such registration. Pledgor warrants to Pledgee that the shares are, however, subject to sale under Rule 144 of the Securities Exchange Act of 1934, but there are limitations on the number of shares that may

be sold within certain applicable time periods, and Pledgee acknowledges that Pledgor is an affiliate of Lahaina Acquisitions, Inc.

7. **Pledgor's Obligations Absolute.** The obligations of the Borrower under this Agreement shall be direct and immediate and not conditional or contingent upon the pursuit of any remedies against any other person, nor against other security or liens available to the Pledgee or his successors, assigns or agents. The Borrower hereby waives any right to require that an action be brought against any other person or to require that resort be had to any other maker of security.

8. **Voting Rights.** For so long as the Note remains unpaid, after a Default, (i) the Pledgee may, upon five (5) days' prior written notice to the Borrower of its intention to do so, exercise all voting rights, and all other ownership or consensual rights of the Stock, but under no circumstances is the Pledgee obligated by the terms of this Agreement to exercise such rights, and (ii) Pledgor hereby appoints the Pledgee, which appointment shall be effective on the fifth day following the giving of notice by the Pledgee as provided in the foregoing Section 9(a)(i), Pledgor's true and lawful attorney-in-fact and IRREVOCABLE PROXY to vote the Stock in any manner the Pledgee deems advisable for or against all matters submitted or which may be submitted to a vote of shareholders. The power-of-attorney granted hereby is coupled with an interest and shall be irrevocable.

9. **Notices.** All notices and other communications required or permitted hereunder shall be in writing and, if mailed by prepaid certified mail, at any time other than during a general discontinuance of postal service due to strike, lockout or otherwise, shall be deemed to have been received on the earlier of the date shown on the receipt or three (3) Business Days after the postmarked date thereof and, if telexed, shall be followed forthwith by letter and shall be deemed to have been received on the next Business Day following dispatch and acknowledgment of receipt by the recipient's telex machine. In addition, notices hereunder may be delivered by hand in which event such notice shall be deemed effective when delivered. Notice of change of address for notice shall also be governed by this Section. Notices shall be addressed as follows:

    If to the Borrower:

    WMD Investments, LLC
    Suite 220
    5895 Windward Parkway Drive
    Alpharetta, GA  30005
    Attention:    Betty Sullivan
    Telephone:    (770) 754-6140
    Facsimile:    (678) 942-3031

with a copy to:

Kutak Rock LLP
Suite 2100
225 Peachtree Street, NE
Atlanta, GA  30303-1731
Attention:     Robert E. Altenbach, Esq.
Telephone:    (404) 222-4600
Facsimile:     (404) 222-4654

If to the Pledgee:

United Capital Mortgage Corporation
14001 East Iliff Avenue, Suite 701
Denver, CO 80014
Attention:     William McCord
Telephone:    (303) 696-1700
Facsimile:     (303) 696-8289

with a copy to:

Horne, Hollingsworth & Parker, PA
Suite 501
401 West Capitol
Post Office Box 3363
Little Rock, AR  72203
Attention:     Garland W. Binns, Jr.
Telephone:    (501) 376-4731
Facsimile:     (501) 372-7142

    10.    **Binding Agreement.** The provisions of this Agreement shall be construed and interpreted, and all rights and obligations of the parties hereto determined, in accordance with the laws of the State of Georgia. This Agreement, together with all documents referred to herein, constitutes the entire Agreement between the Pledgor and the Pledgee with respect to the matters addressed herein and may not be modified except by a writing executed by the Pledgee and delivered by the Pledgee to the Borrower. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original but all of which, taken together, shall constitute one and the same instrument.

    11.    **Severability.** If any paragraph or part thereof shall for any reason be held or adjudged to be invalid, illegal or unenforceable by any court of competent jurisdiction, such paragraph or part thereof so adjudicated invalid, illegal or unenforceable shall be deemed separate, distinct and independent, and the remainder of this Agreement shall remain in full force and effect and shall not be affected by such holding or adjudication.

**IN WITNESS WHEREOF**, the undersigned have hereunto set their hands and affixed their seals, by and through their duly authorized officers, as of the day and year first above written.

PLEDGEE:

_____
William McCord

BORROWER:

WMD INVESTMENTS, LLC

By: _____
Name: _____
Title: _____ Authorised Representative

GUARANTOR:

_____
Julia Demerau

04-78028.01                                6